ANDREW GULICK & Co., INC., Respondent, *v.* CYCLEMOTOR CORPORATION, Appellant.

First Department, May 28, 1920.

**Principal and agent — contract appointing exclusive sales agent — assignment of contract by agent — evidence not justifying recovery for alleged breach by principal — cancellation of contract appointing agent by reason of latter's refusal to accept sight draft.**

Action based on a contract appointing the plaintiff sole selling agent in a foreign country for cyclemotors manufactured by the defendant. It appeared that the plaintiff transferred its agency to a third party who agreed to pay the plaintiff a certain sum for each cyclemotor sold. The action is brought to recover said amount upon cyclemotors which the plaintiff agreed to purchase from the defendant but which the latter failed to deliver. Evidence examined, and *held*, that it was error to submit the question to the jury as to whether the defendant had broken its contract by failing to furnish an ocean bill of lading for its goods, because, under the contract of agency and the practical interpretation given thereto by the parties, the defendant was under no such obligation.

Moreover, where goods were shipped to the plaintiff with an inland bill of lading with sight draft attached as was authorized by the terms of the contract between the parties, a refusal by the plaintiff to accept the draft authorized a cancellation of the contract by the defendant and relieved it from all liability thereunder, and this irrespective of the attempt of the plaintiff to transfer its agency to the third party.

APPEAL by the defendant, Cyclemotor Corporation, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 29th day of November, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on ·the 13th day of December, 1918, denying defendant's motion for a new trial made upon the minutes.

*Joseph M. Allen,* for the appellant.

*Terence J. McManus* of counsel [*Walter A. Lynch* with him on the brief; *Olcott, Bonynge, McManus & Ernst,* attorneys], for the respondent.

SMITH, J.:

The vacillating conduct of both parties in this action has very much confused the issue. Defendant made a contract with plaintiff appointing the plaintiff the sole agent in Norway to sell cyclemotors manufactured by the defendant. Plaintiff contracted to buy a certain number of the machines. The plaintiff transferred the exclusive agency to sell in Norway to Schianders & Co., under an agreement with Schianders by which plaintiff was to have two dollars and twenty-eight cents for each cyclemotor sold. This action is brought to recover this amount upon the cyclemotors plaintiff agreed to purchase. Schianders opened a credit in the National Bank of Commerce in New York, but conditioned the credit upon the furnishing by the defendant of an ocean bill of lading. That was stipulated between this plaintiff and Schianders, but it was not included in the contract between the defendant and the plaintiff. Both by the reading of the contract between the plaintiff and the defendant and by the practical interpretation given thereto by the parties thereafter, all the defendant was required to do was to ship the cyclemotors to some American port and furnish them free alongside boat with such documents as were necessary to authorize the plaintiff to take the goods and export them if it chose. In a single instance the defendant offered to get the ocean bill of lading, but that was a single instance only and was so stated in the offer made. The plaintiff apparently recognized that the defendant was under no such obligation and promised to have the terms of the credit in the National Bank of Commerce changed so as to authorize payment upon the furnishing of an inland bill of lading, but this never was done. The question was submitted to the jury as to whether the defendant had broken its contract by failing to furnish an ocean bill of lading. This was improperly submitted to the jury because, as a matter of law, under the contract itself and the practical interpretation given thereto by the parties, the defendant was under no such obligation.

Assuming then that the defendant was under no obligation to furnish an ocean bill of lading, the question still remains as to whether the defendant violated its contract. Two shipments had been refused by the plaintiff. This authorized a rescission of the contract by the defendant. The defendant,

however, did not rescind the contract by reason of that, but demanded thereafter a deposit to cover the expense in case of further refusal to take the goods. That deposit was promised, but was never given. The only right to demand that deposit arose from the fact that the defendant was authorized to rescind the contract for refusal to accept the first two shipments, and neglected to do so upon the plaintiff's agreement to make the deposit. Upon the failure of the plaintiff to have the terms of the credit modified so as to exclude the requirement that the defendant should furnish an ocean bill of lading, and upon the plaintiff's direction to send the goods to him in New York C. O. D., the defendant sent to the plaintiff at New York with an inland bill of lading a sight draft as it was authorized to do under the terms of the original contract between the parties to the action. This sight draft was refused acceptance and this authorized the defendant to cancel the contract and relieved the defendant from all liability thereunder. A careful reading of the correspondence in the case can lead to no other conclusion than that the defendant had performed the agreement upon its part until the plaintiff had refused to perform its part of the agreement, which fact authorized the defendant to cancel the contract, as the defendant thereafter in fact did.

As the contract was made with plaintiff and as plaintiff has made default, no liability survives to plaintiff, notwithstanding the attempted transfer to Schianders of the exclusive agency to sell in Norway.

The judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., DOWLING, MERRELL and GREENBAUM, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.